## BOARD OF COUNTY COMMISSIONERS OF HOWARD COUNTY *v.* TIPTON

[No. 429, September Term, 1965.]

---

3. See Title 2 U.S.C.A. § 241(a) (1964 Pocket Part).
4. See Title 2 U.S.C.A. § 254 (1964 Pocket Part).

78

*Decided September 22, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Lewis Straughn Nippard* for the appellant.

*Reginald D. Malloy* for the appellee.

BARNES, J., delivered the opinion of the Court.

The appellee, William H. Tipton, owned a tract of land in the First Election District of Howard County consisting of approximately 23 acres and located on the northerly side of the Washington Boulevard (U. S. Route 1), south of its intersection with Montgomery Road (the subject property). A 200 foot strip of the subject property adjoining the Washington Boulevard is zoned M-1 ("fairly heavy manufacturing uses, excluding nuisance uses"). The rest of the subject property is zoned R-12 (residential, minimum lot of 12,000 square feet).

On the east of the subject property there is an existing trailer park; on the west is a junk yard. The only protestant who testified before the Board lived on Hunt Club Road and his dwelling is 1200 feet from the area proposed for trailers and an intervening property lies between his property and the subject property.

Mr. Tipton, on August 7, 1964, filed an application with the Board of County Commissioners of Howard County (the Board) to reclassify the entire tract to a T-2 zone (trailer coach park). A hearing was held on the application on September 24, 1964 and the Board passed a resolution on November 12, 1964 denying the application, stating, in part, as follows:

> "The evidence adduced at the hearing is not, in the opinion of the Board sufficient to establish that there was a mistake in the original zoning of the property. There was no testimony or evidence of such change in the neighborhood as would require the granting of the Petition. The Board is of the opinion that property can be reasonably utilized as it is presently zoned.
>
> "It is also apparent that this location is not the best for a Trailer Park because it would increase the concentration of T-2 Zoning in one area."

Mr. Tipton, thereafter, filed a bill of complaint in the Circuit Court for Howard County, and later an amended bill of complaint on March 5, 1965. In the amended bill of complaint he

alleged that the action of the Board was discriminatory, arbitrary, capricious, illegal and unsupported by the evidence; that it was not required under the law to show any change in conditions or a mistake in original zoning to grant a reclassification to the T-2 zone; and, that the Board failed to give consideration to the testimony that the owners of the subject property had sought to use it under the existing zoning and had been unable to do this and failed to consider the evidence establishing a need for T-2 zoning in the area. It was prayed that an injunction be issued restraining the Board from interfering with the use of the subject property for the uses permitted in a T-2 zone; that the court declare that the existing zoning regulations as applied to the subject property are unconstitutional, invalid and void; and that the plaintiff have other relief.

The suit was submitted to the trial court on the testimony and exhibits comprising the record before the Board. The trial court (Judge Macgill) filed a comprehensive and well considered opinion on August 26, 1965 indicating that the Board had misapplied the law in regard to the T-2 zone and further that its action in denying the T-2 zoning was not supported by substantial evidence and was arbitrary, capricious and void. The lower court passed a final decree on September 17, 1965 granting the injunction as prayed. A timely appeal was taken by the Board from that decree.

The Board has only printed in the record extract the opinion and order of the Board, the pleadings in the Circuit Court, Judge Macgill's opinion and the final decree. Mr. Tipton has printed as an appendix to his brief selected portions of the testimony of Faye A. Latham, Jr., the professional engineer and land surveyor, of Mr. Tipton, and of Art Presley a mobile home dealer, all of whom testified for the applicant before the Board. The full testimony before the Board, the exhibits and, most importantly, the Report of the Planning Commission of Howard County recommending approval of the requested change to the T-2 zone, are not printed by either party.

The Board raises only two points in its brief: (1) the trial court erred in applying our decision in *Costello v. Sieling*, 223 Md. 24, 161 A. 2d 824 (1960) to the case at bar and it is still necessary for an applicant for a T-2 reclassification to es-

tablish a change in conditions or a mistake in original zoning to obtain such a reclassification and (2) the applicant failed to meet the burden of establishing that the existing zoning deprived him of all reasonable use of the subject property and thus was an unconstitutional taking of private property. These points were those also considered in the brief for Mr. Tipton, the applicant.

Neither brief presents nor considers the issue of whether the action of the Board in refusing the reclassification to the T-2 zone was arbitrary and capricious as not supported by substantial evidence. This point was considered and decided by Judge Macgill who stated in his opinion, quoting from our opinion in *Montgomery County v. Merlands Club, Inc.*, 202 Md. 279, 293, 96 A. 2d 261, 267 (1953):

> " 'We find here that the action of the Board, based on an incorrect legal premise and unsupported by substantial evidence, if any, was arbitrary and capricious in a legal sense, and so, invalid.' "

This issue, neither mentioned nor argued in either brief, is not before us here. *Harmon v. State Roads Commission*, 242 Md. 24, 30-32, 217 A. 2d 513, 516-17 (1966); *Comptroller of Treasury v. Aerial Products, Inc.*, 210 Md. 627, 644, 124 A. 2d 805, 814 (1956).

Turning now to the first issue presented to us, we are of the opinion that the trial court correctly applied our decision in *Costello v. Sieling, supra*, to the case at bar. In *Costello* we held that the T-2 zone for a trailer coach park in Howard County was a residential zone not incompatible nor inconsistent with other residential zones and was somewhat analogous to a special exception. Under these circumstances the questions of change in conditions in the area subsequent to the original comprehensive zoning or a mistake in such zoning, otherwise necessary to be established to permit a reclassification, were not controlling. We indicated that the principles of the "floating" zone first applied by us in *Huff v. Board of Zoning Appeals of Baltimore County*, 214 Md. 48, 133 A. 2d 83 (1957) were applicable, and hence the "change-mistake" rule was not applicable in view of the specific restrictions, guides and stan-

dards—strict in character and designed carefully to protect surrounding properties and the general area—and the compatibility of the "floating zone" with the existing zone into which it was placed. We cited with approval and followed both *Huff* and *Costello* in *Beall v. Montgomery County Council,* 240 Md. 77, 212 A. 2d 751 (1965). In *Beall,* we carefully considered *Costello* and quoted at some length with approval from Judge Horney's opinion, for the Court, in that case. See 240 Md. at 92-93, 212 A. 2d at 759-60. We cited *Huff, Costello* and *Beall* with approval and followed these decisions in *Knudsen v. Montgomery County Council,* 241 Md. 436, 217 A. 2d 97 (1966) and again (together with *Knudsen*), in *Bujno v. Montgomery County Council,* 243 Md. 110, 220 A. 2d 126 (1966).

When a "floating" zone is involved, the questions of mistake or change in conditions are not relevant to the consideration of the requested reclassification. The relevant issues then are whether the plan of the applicant for the "floating zone" complies with the requirements set up in the Zoning Ordinance for that zone and is in accordance with the purposes of that zone. One of the important matters to be considered is the required report of the planning commission which, in this case as the trial court pointed out in its opinion, recommended approval of the proposed T-2 zones, stating, in part, as follows:

"The Planning Commission believes that due to an existing mobile home park adjacent to the subject tract, a public water main along U. S. Route 1 and the subject parcel being adjacent to existing sewerage facilities that could be extended to said property from Harwood Park, providing that additional capacity to the treatment plant be made, a planned trailer park would be an appropriate use of the subject tract. The subject tract and environs are planned to be sewered in 1967 in accordance with the Planning Objectives of the Howard .County Metropolitan Commission, adopted in June 1964. In addition, the petitioner's request is partially in conformance with the adopted General Plan for Howard County.

"In reference to sewerage facilities, a portion of the Shallow Run Interceptor, a temporary sewage treat-

ment plant to serve the Harwood Park area and collecting sewers in Harwood Park have been constructed. The Harwood Park Area is opposite the subject property, across U.S. Route 1."

We conclude that the trial court correctly applied our holding in *Costello* to the case at bar.

There is no suggestion that the plan as submitted by Mr. Tipton does not comply with the applicable restrictions and pro·visions of the T-2 zone. Judge Macgill held that there was no evidence before the Board which would justify a denial of the application, and that a failure to grant the application was arbitrary and capricious; we have not been given a sufficient record to rule on this question. We, therefore, do not reach the second question raised by the Board that the applicant did not meet the burden of establishing an alleged unconstitutional taking of his property under the existing zoning.

*Decree affirmed, the costs to be paid by the appellant.*